# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACQUELINE NGUYEN,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART,<br>WAL-MART PISCATAWAY STORE,<br>WAL-MART BRANCHBURG STORE,<br><br>Defendants. | Civ. No. 2:12-01824 (KM) (MCA)<br><br><br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

Plaintiff Jacqueline Nguyen, who is *pro se*, initially commenced this action against defendant Wal-Mart on or around April 27, 2012. Ms. Nguyen filed an Amended Complaint on July 6, 2012, in which she added Wal-Mart Piscataway Store and Wal-Mart Branchburg Store as defendants (collectively referred to herein as "Wal-Mart" or "Defendants"). (ECF No. 14, Amended Complaint). The Plaintiff's claims relate to alleged discrimination arising out of her employment with Wal-Mart. Although the Amended Complaint is forty-one pages long and difficult to decipher, Plaintiff seemingly alleges discrimination and failure to accommodate under the Americans with Disabilities Act of 1990 ("ADA"), violations of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et. seq.* ("NJLAD"), sexual harassment under Title VII of the Civil Rights Act of 1964, and tortious interference with Plaintiff's prospective economic benefit. (ECF No. 14)[1].

For the reasons that follow, Defendants' Motion for Summary Judgment is **GRANTED**. First, Plaintiff's sexual harassment claim fails for failure to exhaust administrative remedies because Plaintiff's untimely EEOC Charge did not contain allegations of sexual harassment. Second, Plaintiff's claims under the ADA are barred by the statute of limitations because her EEOC Charge was

---

[1] The Amended Complaint also asserted claims against McDonnell & Associates P.C., Karen Green (an attorney at McDonnell & Associates), and Goldman Wilentz Spitzer (a law firm more properly identified as Wilentz, Goldman & Spitzer, P.A. and hereinafter identified as "Wilentz"). This Court previously dismissed the claims against McDonnell & Associates, Ms. Green, and Wilentz with prejudice. (ECF Nos. 62-63).

filed more than 300 days after the last alleged discriminatory act. Third, Plaintiff's NJLAD claim fails because she has not made the threshold showing that she was "handicapped" under the statute. Fourth, Plaintiff's tortious interference claim must also fail because Plaintiff has not established any of the elements necessary to sustain a claim for tortious interference.

## I.   BACKGROUND

As noted above, Plaintiff filed her Amended Complaint on July 6, 2012. On July 18, 2012, Wal-Mart filed an Answer with Affirmative Defenses to the Amended Complaint and denied all allegations of harassment, discrimination, retaliation, and unlawful conduct. (ECF No. 18). The Honorable Madeline Cox Arleo entered a Scheduling Order on June 27, 2012, directing Plaintiff and Wal-Mart to complete discovery by September 15, 2012. (ECF No. 12). By Order dated September 19, 2012, Judge Arleo extended the discovery deadline to November 15, 2012, and set the summary judgment deadline for December 15, 2012, with any opposition due by January 16, 2012. (ECF No. 47). On January 7, 2013, Judge Arleo again extended the discovery deadline to permit Plaintiff to take certain depositions on February 7, 2013. Judge Arleo's January 7, 2013 Order moved the summary judgment deadline to March 1, 2013. (ECF No. 71). Defendants filed this Motion for Summary Judgment on February 26, 2013. (ECF No. 77). Ms. Nguyen filed her opposition to the Motion for Summary Judgment on March 28, 2013 (ECF No. 80), and Defendants filed their reply brief on April 11, 2013. (ECF No. 81).

### A.  Plaintiff's Employment History at Wal-Mart

Plaintiff worked at Wal-Mart Store #5069 in Branchburg, New Jersey starting in 2010. (Defendants' Statement of Material Facts ("SOMF") ¶ 10). Wal-Mart hired Plaintiff on June 28, 2010, as a temporary associate to work on a remodel team. (SOMF ¶¶ 11-12). Around September 6, 2010, Wal-Mart granted Plaintiff a transfer to a permanent Maintenance Associate position. (SOMF ¶ 13). Plaintiff's job offer for the Maintenance Associate position identified the essential functions of the position as "[c]leans all areas of Facility both inside and outside (for example, floors, windows, restrooms, trash receptacles, dock area) utilizing tools, machines, and Company-approved chemicals and performs routine maintenance on machines and other equipment in accordance with company policies and procedures." (SOMF ¶ 16).

In her deposition, Plaintiff claimed that she suffered from asthma which rendered her disabled. (SOMF ¶ 17).[2] During discovery Wal-Mart requested

---

[2] In her opposition to Defendants' Motion for Summary Judgment, Plaintiff appears to allege for the first time that a hand condition rendered her disabled. However, Plaintiff's purported hand disability is not at issue here, as Plaintiff only alleged that her asthma rendered her disabled during her brief tenure at Wal-Mart in 2010. Moreover, to the extent Plaintiff's hand condition is properly before the Court, the evidence submitted by Plaintiff does not establish a viable disability claim. Notably, Plaintiff attaches medical records and deposition testimony of her hand doctor, Dr. Lombardi, from a previous case. Dr. Lombardi's deposition testimony revealed that he released Plaintiff to full

that Plaintiff provide documentation relating to the disabilities from which she allegedly suffered while employed by Wal-Mart. Plaintiff did not produce the requested records, but rather responded that she could not "give what all these years accumulating records in the Social Security Offices of the Disabilities causing in the jobs." (SOMF ¶¶ 18-19). In the approximately ten months between Plaintiff's commencement of this action and the Defendants' filing of this Motion for Summary Judgment, Plaintiff never produced any medical records relating to her asthma, any report indicating that she had asthma, any report opining that her asthma constituted a disability, or any expert report relating to her alleged asthma. (SOMF ¶¶ 20-21).

### B. Plaintiff's Termination

Plaintiff failed to show up for work on October 5, October 6, October 8, and October 9, 2010. (SOMF ¶ 25). Wal-Mart's Attendance/Punctuality Policy provides that an associate who is absent for three days in a rolling six-month period without reporting his or her absences will be considered to have abandoned his or her job and terminated accordingly. (SOMF ¶ 27). In accordance with said policy, Wal-Mart terminated Plaintiff on October 11, 2010 because she had failed to show up for work or notify Wal-Mart that she would miss work. (SOMF ¶ 29).

### C. Plaintiff's EEOC Charge

Plaintiff filed a Charge with the Equal Employment Opportunity Commission ("EEOC") on January 26, 2012. (SOMF ¶ 35). The Charge stated that Plaintiff had been diagnosed with an unspecified disability and that Wal-Mart failed to accommodate her after initially granting an accommodation. (SOMF ¶ 36). The Charge made no reference to sexual harassment or to any inappropriate or offensive conduct. The Charge marked the boxes for discrimination based on (1) race, (2) color, (3) national origin, (4) age, and (5) disability. Notably, the Plaintiff did not mark the box for discrimination based on "sex." (SOMF ¶¶ 38-39).

### D. Plaintiff's Tortious Interference Allegations

Plaintiff's Amended Complaint alleges that Wal-Mart told prospective employers not to hire her. (Amended Complaint, ¶ bbb, p. 39) ("Wal-Mart, has advised other prospective employers of plaintiff that they should not hire plaintiff . . . .") Plaintiff provided no evidence to support this assertion. At her deposition, Plaintiff testified that Barbara Krumholt, the personnel manager at the Wal-Mart Store in Branchburg, approached Plaintiff and asked her why she had left Wal-Mart to work at Quick Chek. (SOMF ¶¶ 31-32). Plaintiff testified

---

duty with no restrictions on June 13, 2007. Additionally, Dr. Lombardi's testimony showed that, based on Plaintiff's medical records, which included a visit to him in June 2010 while she was employed at Wal-Mart, Plaintiff "did not have any need for accommodation." *See* ECF No. 80-3, at Deposition Transcript, 46:20-21.

that she wasn't upset by Ms. Krumholt's statement that Wal-Mart was a better place to work than Quick Chek. (SOMF ¶ 33). When asked in discovery to identify witnesses to support the claim that Wal-Mart told other employers not to hire her, Plaintiff indicated that she could not respond to the request and then provided irrelevant statements touching on Social Security, taxes, violence, and blood. (SOMF ¶ 35).

### E. Plaintiff's Sexual Harassment Allegations

As noted above, Plaintiff failed to include allegations of sexual harassment in her EEOC Charge. However, Plaintiff now alleges that a co-worker identified as "Daniel" sexually harassed her. (SOMF ¶ 41). In her deposition, Plaintiff claimed that Daniel told her that she could not take a lunch break and then asked her out on a date. (SOMF ¶¶ 42-43). Daniel allegedly made sexual comments to Plaintiff in an attempt to get her to say "yes" to a date with him. Plaintiff testified that Daniel rubbed her arm two or three times but that she did not think it was serious. (SOMF ¶¶ 44-46).

## II.   THE SUMMARY JUDGMENT STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (summary judgment is appropriate where "there is no genuine issue of material fact to be resolved and the moving party is entitled to judgment as a matter of law."); *Alcoa, Inc. v. U.S.*, 509 F.3d 173, 175 (3d Cir. 2007). Summary judgment is desirable because it eliminates unfounded claims without resort to a costly and lengthy trial, *Celotex*, 477 U.S. at 327, but it should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

"[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The burden of showing that no genuine issue of material fact exists rests initially on the moving party. *Celotex*, 477 U.S. at 323. Once the moving party has made a properly supported motion for summary judgment, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); see *Anderson*, 477 U.S. at 247-48. In evaluating a summary judgment motion, a court must view all evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976).

If a party fails to address the other party's properly supported assertion of fact, the court may consider "grant[ing] summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ." FED. R. CIV. P. 56(e). Local Civil Rule 56.1(a) deems a movant's statement of material facts undisputed where a party does not respond or file a counterstatement. L. CIV. R. 56(a).  A failure to dispute a party's statement of material facts, however, "is not alone a sufficient basis for the entry of a summary judgment." *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990) (holding that even where a local rule deeming unopposed motions to be conceded, the court was still required to analyze the movant's summary judgment motion under the standard prescribed by FED. R. CIV. P. 56(e)); *see also Muskett v. Certegy Check Servs., Inc.*, Civ. No. 08-3975, 2010 WL 2710555 (D.N.J. July 6, 2010) ("In order to grant Defendant's unopposed motion for summary judgment, where, as here, 'the moving party does not have the burden of proof on the relevant issues, . . . the [Court] must determine that the deficiencies in [Plaintiff's] evidence designated in or in connection with the motion entitle the [Defendants] to judgment as a matter of law.'" (quoting *Anchorage Assocs.*, 922 F.2d at 175)).

Because the law is so clear and the evidence so one-sided as to entitle the Defendants to judgment, I am granting the Defendants' Motion for Summary Judgment.

## III.   DISCUSSION

### A.   Sexual Harassment Claim: Failure to Exhaust Administrative Remedies

Before filing an employment discrimination claim under Title VII, an employee alleging an unlawful employment practice must timely file a discrimination charge with the EEOC within 180 days of the occurrence of the practice. 42 U.S.C. § 2000e–5(b), (e)(1), (f)(1); *see Huggins v. Coatesville Area Sch. Dist.*, 452 F. App'x 122, 126 (3d Cir. 2011). However, because New Jersey has an anti-discrimination law, a claim must be presented to the EEOC within 300 days of the alleged unlawful employment practice. *See Cardenas v. Massey*, 269 F.3d 251, 255 n. 2 (3d Cir. 2001). In determining whether a claim was exhausted, courts examine whether it was "fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996).

In *Barzanty v. Verizon Pennsylvania, Inc.*, 361 Fed. App'x 411 (3d Cir. 2010) (not precedential; cited for persuasive value), the plaintiff alleged gender discrimination and a hostile work environment in her federal court complaint. Her EEOC Charge, however, raised only gender discrimination and failed to reference any hostile work environment. *Id.* at 412. The Third Circuit explained

that the facts underlying the two claims were different and found that the hostile work environment claim fell outside of the scope of the EEOC Charge. Therefore, the plaintiff had failed to exhaust her administrative remedies and was not permitted to allege hostile work environment in her federal court complaint.

Here, even interpreting Ms. Nguyen's EEOC Charge liberally and assuming for current purposes that it was timely filed, I cannot find that a sexual harassment claim is within the scope of her EEOC Charge. The EEOC Charge was devoid of anything related to her gender, let alone anything that could have led the EEOC to investigate sexual harassment.

Moreover, assuming arguendo that Nguyen's sexual harassment claim is not barred by her failure to exhaust administrative remedies, she cannot succeed on such a claim as a matter of law. To state a *prima facie* claim of hostile work environment gender-based employment discrimination in violation of 42 U.S.C. § 2000e–16, she must establish that (i) she suffered intentional discrimination because of her sex; (ii) the discrimination was severe or pervasive; (iii) the discrimination detrimentally affected her; (iv) the discrimination would detrimentally affect a reasonable woman in her position; and (v) a basis for respondeat superior liability. *Grazioli v. Genuine Parts Co.*, 409 F. Supp. 2d 569, 576 (D.N.J. 2005).

Defendants rely on *Morales-Evans v. Administrative Office of the Courts of New Jersey*, 102 F. Supp. 2d 577 (D.N.J. 2000) to argue that the acts alleged by Plaintiff fall short of establishing regular and pervasive harassment. The Court agrees. In *Morales-Evans*, the plaintiff's allegations included unwanted romantic advances from a co-worker after she had applied for the position but before her employment began; four or five unwanted kisses on the cheek; a remark that another office staffer who had tried to kiss plaintiff probably couldn't help himself because plaintiff was "so voluptuous" and that he was probably attempting to get his tongue in plaintiff's "gap"; two comments relating sneezing and sexual intercourse; and comments about a visit to a nude beach. *Id.* at 581-83, 589-90. Drawing all reasonable inferences in the plaintiff's favor, the *Morales-Evans* court found that no reasonable juror could conclude that these scattered events over an extended period of time constituted severe and pervasive harassment. *Id.* at 590. As the plaintiff failed to show "regular and pervasive" objectionable conduct, the defendant was entitled to summary judgment under Title VII. *Id.*

Here, Plaintiff alleges conduct over a period of a day or two. The alleged behavior falls short of establishing regular and pervasive harassment. Plaintiff alleged that a co-worker named Daniel asked her out on a date, made comments or a "gesture" in an attempt to get her to accept his date request, and touched her arm two or three times. Plaintiff testified that she thought Daniel's conduct was "not serious." Based on this record, there is insufficient

evidence for a reasonable juror to conclude that the alleged conduct would lead a reasonable woman to consider the working environment hostile. Therefore, as the undisputed facts fail to establish a claim for sexual harassment, Defendants are entitled to summary judgment on Plaintiff's claim of sexual harassment.

### B. Plaintiff's Disability Discrimination Claims Fail

As with Title VII claims, a plaintiff cannot proceed with a claim in federal court under the Americans with Disabilities Act ("ADA") and its amendments without exhausting administrative remedies by filing a timely EEOC charge. *See Braxton v. Newark*, 2011 U.S. Dist. LEXIS 118665, at *23 (D.N.J. 2011). The statute of limitations bars Plaintiff's disability discrimination claim because the EEOC Charge of Discrimination was filed more than 300 days after the last alleged discriminatory act. Moreover, Plaintiff cannot succeed on her claims of discrimination and failure to accommodate under the NJLAD because she has failed to establish the threshold element of a NJLAD claim – that she suffered from a handicap.

### 1) Plaintiff's ADA Claim is Precluded Because She Failed to Timely File an EEOC Charge

Plaintiffs bringing employment discrimination claims under the ADA must comply with the procedural requirements set forth in Title VII. *Robinson v. Univ. of Med. and Dentistry of NJ*, 2006 U.S. Dist. LEXIS 85121, at*3 (D.N.J. 2006). Before a plaintiff may bring an action under the ADA, a complainant must file a charge with the EEOC within 180 days of the alleged unlawful employment action. *See* 42 U.S.C. § 2000e–5 (Title VII). The 180 day deadline is extended to 300 days when the complainant lives in a "deferral state," such as New Jersey. *See Cardenas*, 269 F.3d at 255 n. 2. Therefore, a plaintiff in New Jersey is barred from bringing an action under the ADA if he or she has failed to file a charge with the EEOC within the 300–day time period. The charge-filing time limits are, however, to be liberally construed. *See Rabzak v. Berks*, 815 F.2d 17, 20 (3d Cir. 1987).

Here, Plaintiff claims that Wal-Mart first failed to accommodate her disability and then terminated her based on her disability. Plaintiff was terminated on October 11, 2010. The deadline for Plaintiff to put the EEOC on notice of her allegations was therefore August 7, 2011, at the latest.

Plaintiff's EEOC Charge is dated January 26, 2012, well outside the 300-day deadline for filing. However, given the liberal manner in which this Court must construe the 300-day limitations period, this is not the end of the inquiry. If the EEOC timely received information from the Plaintiff generally describing the discriminatory conduct – such as an intake questionnaire or a sworn information statement – that could be enough to meet the 300-day filing

deadline, even if the communications were not formally designated as a "Charge." *See Rabzak*, 815 F.2d at 20; *Daly v. Woodshire Apts*, 2008 WL 820117, at * 5 (D.N.J. March 26, 2008).

Even under such a liberal construction of the 300-day charge-filing deadline, Plaintiff's own admission establish that the earliest possible filing date was December 19, 2011. Plaintiff's original Complaint (ECF No. 3) contained a three page attachment entitled "New Jersey Judiciary Formal Discrimination/Sexual Harassment/Retaliation COMPLAINT FORM ATTACHEMT(S.)" In that attachment, Plaintiff alleged that "the very date that [she] made a determination to call [the] EEOC in Newark and filed according to this [was] December 19, 2011. . ." Plaintiff has presented no evidence and does not even allege that she communicated with the EEOC in any manner before December 19, 2011. That date is still well past the 300-day limitations period, which expired August 7, 2011. As Plaintiff failed to file a timely EEOC Charge alleging disability discrimination and failure to accommodate, her ADA claims in this Court are precluded.

2) <u>Plaintiff Cannot Satisfy the Threshold Elements of a NJLAD Claim</u>

A claim for discrimination based on a disability or failure to accommodate requires a threshold showing of a handicap. *See Viscik v. Fowler Equipment Co.*, 800 A.2d 826, 834 (N.J. 2002) (stating threshold inquiry in disability discrimination case is whether plaintiff meets standard of showing a handicap) (*citing Clowes v. Terminix Int'l, Inc.*, 538 A.2d 794 (N.J. 1988)). Pursuant to N.J.S.A. 10:5-5(q), there are two specific categories of handicap: physical and non-physical. The physical and non-physical clauses of the statute are distinct, and they provide separate ways of proving a handicap. *Viscik*, 800 A.2d at 834. Here, Plaintiff alleges asthma, a physical handicap.

To meet the physical standard, a plaintiff must prove that he or she is (1) suffering from physical disability, infirmity, malformation or disfigurement; (2) which is caused by bodily injury, birth defect or illness including epilepsy. N.J.S.A. 10:5-5(q). By way of example, but not limitation, the following are included within the notion of physical handicap:

> Any degree of paralysis, amputation, lack of physical coordination, blindness or visual impediment, deafness or hearing impediment, muteness or speech impediment or physical reliance on a service or guide dog, wheelchair, or other remedial appliance or device.

*Id.*

The term "handicapped" in the NJLAD is not restricted to "severe" or "immutable" disabilities and has been interpreted as being significantly broader than the analogous provision of the ADA. *Failla v. City of Passaic*, 146 F.3d

149, 154 (3d Cir.1998) (NJLAD provides a "lower standard" than ADA because "the LAD definition of 'handicapped' does not incorporate the requirement that the condition result in a substantial limitation on a major life activity"). Where the existence of a handicap is not readily apparent, expert medical evidence is required. *See Viscik*, 800 A.2d at 835. "Courts place a high premium on the use and strength of objective medical testimony in proving the specific elements of each test contained in the statute." *Id.* (internal citations omitted).

Here, because Plaintiff's alleged asthma was not readily apparent, the NJLAD requires medical evidence of her asthma. Even if the Court assumes that asthma can constitute a disability under the NJLAD, Plaintiff has not submitted evidence sufficient to establish that she had asthma. Wal-Mart specifically requested all records or documents relating to Plaintiff's alleged disability. Plaintiff responded to the request by claiming "I cannot give what all these years accumulating records in the Social Security Offices of the Disabilities causing in the jobs. Dr. Lombardi. You have it. Emergency asthma. You have it in 2006." (SOMF ¶¶ 18-19). Notably, Dr. Lombardi is an orthopedic surgeon who would not have treated Plaintiff for asthma. Despite a specific request for medical documentation, Plaintiff neglected to provide any records related to her diagnosis or treatment for asthma. Plaintiff also failed to submit any medical documentation showing that her alleged asthma constituted a disability under the NJLAD.

Plaintiff's failure to provide any evidence of her asthma defeats her claims. Because she cannot prove this threshold element of a handicap, she cannot succeed on her NJLAD claims.[3]

## C. Plaintiff's Tortious Interference Claim Fails

In New Jersey, a plaintiff must prove four elements to establish a tortious interference claim. First, plaintiff must have a protected interest; second, defendant must have behaved with "malice" – that is, defendant must have intentionally interfered with that protected interest without justification; third, there must be a reasonable likelihood that the anticipated benefit from the protected interest would have been realized but for the interference; and fourth, economic damage must have resulted. *Cargill Global Trading v. Applied Dev. Co.*, 706 F. Supp. 2d 563, 575 (D.N.J. 2010).

Here, Ms. Nguyen has not established any of the elements necessary to sustain a claim for tortious interference. The Amended Complaint generally alleges that Wal-Mart told prospective employers not to hire her. But Plaintiff

---

[3] Even assuming that Plaintiff's alleged asthma rendered her handicapped under the statute – which she has not established – she still has not established that a reasonable accommodation would permit her to perform the job's essential functions. Using cleaning products and keeping the store clean and neat were essential functions of her position. Plaintiff testified that the cleaning chemicals made her ill and that the job involved too much work for her to handle. Plaintiff failed to identify any possible accommodation which would have enabled her to perform the essential functions of her maintenance associate job.

has provided no evidence to support this assertion. At her deposition, Plaintiff testified that she left a job at Quick Chek in Branchburg, New Jersey, because Barbara Krumholt, the Personnel Manager at the Wal-Mart Store in Branchburg, approached Plaintiff and asked her why she had left Wal-Mart. (SOMF ¶¶ 31-32). Plaintiff testified that she wasn't upset by Ms. Krumholt's stating that Wal-Mart was a better place to work than Quick Chek. (SOMF ¶ 33). When asked in discovery to identify witnesses to support the claim that Wal-Mart told other employers not to hire her, Plaintiff indicated that she could not respond to the request and then made irrelevant statements pertaining to Social Security, taxes, violence, and blood. (SOMF ¶ 35).

Plaintiff failed to provide any information during discovery to establish that she had a protected interest, let alone that Wal-Mart acted with malice to interfere with such an interest. The only specific comment identified by Plaintiff was directed to Plaintiff herself, not to any of her employers or prospective employers. That remark falls far short of interference with Plaintiff's protected interests. Plaintiff's tortious interference claim therefore fails.

## IV.   CONCLUSION

Because I detected the possibility of a legal claim in this Complaint, one of many filed by Ms. Nguyen, I asked Magistrate Judge Arleo to supervise discovery so that Plaintiff's claims against Wal-Mart could be aired. That Judge Arleo did, with patience and kindness. This Court does and will continue to extend a certain amount of solicitude to *pro se* plaintiffs, but its resources are finite. Out of fairness to defendants and to litigants awaiting justice in other cases, the Court hereby places Ms. Nguyen on notice that it will not forever indulge repetitive, frivolous and unintelligible claims.

For the reasons stated above, Defendants' Motion for Summary Judgment is **GRANTED**. An appropriate order follows.

KEVIN MCNULTY, U.S.D.J.

Date: June 25, 2013